PER CURIAM.
Dina’s Discount, Inc., and U.S. Development Corp. appeal an order discharging John Lowell, Jr., as receiver for Las Americas Central Plaza V. We reverse.
Appellee receiver Lowell was appointed receiver for a shopping center during a foreclosure action. Appellant Dina’s Discount is a tenant of the shopping center.
During the receivership proceedings, Dina’s obtained consent of the court to bring suit against the receiver. Dina’s alleged that while in charge of the shopping center, the *565 receiver entered into a lease with a new tenant who was engaged in a competing business. Dina’s contends that the new lease did not have proper judicial approval and violated a noncompetition provision of Dina’s own preexisting lease with the shopping center. Dina’s also claimed certain other injuries arising from the receiver’s property management.
Dina’s lawsuit also made a claim against the successor owner, U.S. Development Corp. U.S. Development desires to cross-claim against the receiver.
During the pendency of Dina’s suit against the receiver, the receiver moved for discharge. The trial court granted the motion. The court entered an order which discharges the receiver, and the surety on the receiver’s bond, from any liability arising during the receivership. As worded, the order has the effect of discharging the receiver and the surety from the claims of Dina’s and U.S. Development.
In our view the trial court erred by entering the order of discharge without allowing a fair opportunity to Dina’s and U.S. Development to state their claims. Consequently, we reverse the order of discharge and remand for further proceedings on the claims against the receiver. We express no opinion on the merits of those claims.
The receiver asserts that there is no basis for the imposition of any liability against him in connection with this receivership. Our reversal is without prejudice to the receiver to file any appropriate motion with respect to the claims by Dina’s or U.S. Development. We hold only that the summary entry of the order of discharge deprived appellants of an opportunity to be heard on their claims.
The order of discharge is reversed and the cause remanded for further proceedings consistent herewith.